UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHRISTOPHER MARK JOHNSON                                           PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:15CV-P258-TBR

CENTER POINT RECOVERY FOR MEN *et al.*                             DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Christopher Mark Johnson, a prisoner currently incarcerated in the Fulton County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

### I. SUMMARY OF CLAIMS

Plaintiff names the following three Defendants in this action: (1) Center Point Recovery for Men,[1] which he identifies as "D.O.C. Rehabilitation"; (2) Attorney Johnson, a Public Defender; and (3) the "Department of Corrections" which Plaintiff states is employed as "Pretrial Hearing Judge."[2] Each Defendant is sued in his or her individual and official capacities. Plaintiff seeks monetary and punitive damages, "[r]elease from illegal detention," and "[r]estoration of Time Loss under Parole."

---

[1] According to the Kentucky Department of Corrections (KDOC) website, http://Corrections.ky.gov/depts/Probation%20and%20Parole/Pages/Recovery Kentucky.aspx, CenterPoint Recovery Center is a Recovery Kentucky Center overseen by the Contract Management Branch. The KDOC website further states that "[i]nmates who are classified as community custody and are near their parole eligibility dates are placed in these centers/halfway houses."

[2] Plaintiff does not include a summons for any judge, but he does include a summons for the Department of Corrections. Thus, the Court construes this Defendant to be the Kentucky Department of Corrections.

According to Plaintiff, on July 13, 2015, he was dismissed from Center Point Recovery for Men. His dismissal resulted from "33 of 65 members of the Program 'Alcoholics & Addicts' for an accusation that [he] called a member of the Staff a 'Bitch.'" Plaintiff states that this allegation is false. He contends that if it were true, it would have been dealt with at the time, not "2 weeks Later in a Learning Experience Community." Plaintiff further states that "[t]he Lady was not present during the time [he] was alleged to have called her that. So for 1 if [he] had called her that it would've not been meant for her ears and second nowhere in [his] Parole Violation Rules or The Cardinal Rules of the Program tell [him] that [he] could be violated from Parole or Dismissed from the Program." According to Plaintiff, after "a few minutes of Discussing the Incident it also Turned into violence which never occurred either." Plaintiff states that the "allegation was not at all investigated and was prompted by Addicts that [he] had held accountable for stealing & the Lady [he] was supposed to have called a bitch voted also." Plaintiff states that "[i]t was Wolf Packing to the T." According to Plaintiff, during the Community discussion, an incident in which he had charged a staff member with a Prison Rape Elimination Act (PREA) violation was brought up even though "the Investigator Promised [him] it was strict confidentiality and the Issue would never be used against [him]." Plaintiff states that the PREA incident "was used to Aid in [his] Dismissal."

According to Plaintiff, after his dismissal, he went to "the Parole office thinking he would see the Maliccousness of it all and something would be done to resolve the Issue other than a Parole violation." Plaintiff states that on July 13, 2015, he was incarcerated. He states that at that time his Parole Officer told him that "there would be a hearing in which it would be decided then if [he] was in violation of [his] Parole and [he] would be appointed an attorney and be able

2

to subpeana witnesses." Plaintiff states that he did not see an attorney, despite "Repeated Phone calls to the Public Advocacy," until immediately prior to the hearing. Plaintiff states that he had witnesses who would have testified about "the Truth of why [he] was being Wolf Packed and Lies Told to get [him] kicked out," but he was not given a "chance to have any witnesses appear." Plaintiff alleges that he had insufficient counsel during this hearing.

Plaintiff states that he does not know what rights of his were violated, but he does "know to give other Alcoholics and Addict Rights over [his] parole is wrong." He contends that he is "Illegaly Incarcerated because of it." Further, Plaintiff states that he is a field construction boilermaker with custody of his three children, and he "was looking forward to returning home to them."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

Based on the allegations set forth by Plaintiff, the Court construes his complaint as alleging a Fourteenth Amendment due process claim against Defendants. The Fourteenth Amendment prohibits any State from depriving "any person life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The point is straightforward: the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).

### A. Eleventh Amendment Immunity

Under the Eleventh Amendment to the U.S. Constitution,[3] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) ("This [Eleventh Amendment] withdrawal of jurisdiction effectively confers an immunity from suit. Thus, 'this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'") (quoting *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) ("[I]f a lawsuit against state officials under 42 U.S.C. § 1983 alleges a constitutional claim, the federal court is barred from awarding damages against the state treasury even though the claim arises under the Constitution. Similarly, if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim.") (citation omitted); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and [one of its departments] is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*,

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985.").

Accordingly, the claims against the Kentucky Department of Corrections and Center Point Recovery for Men[4] are barred by Eleventh Amendment immunity, and these claims will be dismissed.

### B.  Defendant Johnson

Plaintiff alleges that he had insufficient counsel during his probation revocation hearing. He states that he did not see his attorney despite repeated efforts to contact him until immediately prior to the hearing. Plaintiff further states that he was not given a "chance to have any witnesses appear."

To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bunn*, 604 F.3d 249, 253 (6th Cir. 2010).  Defendant Public Defender Johnson, in representing Plaintiff in the state-court probation revocation hearing, is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

---

[4] The Court assumes, but does not decide, that Center Point Recovery for Men is a state actor.

An exception exists if the defense attorney has engaged in a conspiracy with state officials to deprive another of federal rights. *Tower v. Glover*, 467 U.S. 914, 920-23 (1984). Plaintiff makes no such allegation.

Accordingly, Plaintiff's claim against Defendant Johnson will be dismissed for failure to state a claim upon which relief may be granted.

### C. *Heck v. Humphrey* Bar

Furthermore, Plaintiff's claims are all barred under the *Heck* doctrine. Under this doctrine:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thereafter, the Supreme Court held that *Heck* and its progeny indicate that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The claims Plaintiff makes, if successful, would necessarily demonstrate the invalidity of a state court conviction and/or sentence.

Therefore, all of Plaintiff's claims brought pursuant to § 1983 are barred by the *Heck* doctrine and will be dismissed for this reason also.

## IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
    Defendants
4413.003